JOON W. SONG (State Bar No. 180726)
THE SONG LAW GROUP,
A Professional Law Corporation
800 West 6th Street, Suite 1410
Los Angeles, California 90017
Telephone:    (213) 487-2371
Facsimile:    (213) 487-2372

Attorneys for Plaintiff
HANMI BANK, a California Corporation

**FILED & ENTERED**

**JUL 26 2010**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pgarcia    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>SEUNG SUK LEE, formerly doing business as Luxury Auto Spa, Luxury Auto Lube & Tune, Luxury Cellular and Olympic Flower; and JEANNIE J. LEE,<br><br>Debtors.<br><br>─────────────────<br><br>HANMI BANK, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEUNG SUK LEE, an individual,<br><br>Defendant. | CASE NO.: 1:09-bk-20906-GM<br><br>Chapter 7<br><br>ADVERSARY NO.: 1:09-ap-01494-GM<br><br>**JUDGMENT**<br><br>Continued Status Conference and Default Prove-Up Hearing<br><br>Date:  July 21, 2010<br>Time:  1:30 p.m.<br>Place:  Crtrm. 303<br>U.S. Bankruptcy Court<br>(San Fernando Valley)<br>    21041 Burbank Blvd.<br>    Courtroom 303<br>    Woodland Hills, CA 91367 |

Based on the motion for default judgment filed with the Court, the Court finds that Defendant, both individually and as president and secretary of Zioncorp, Inc., a California corporation ("Zioncorp"), made certain material and fraudulent misrepresentations to Plaintiff in applying for and obtaining three separate financing loans from Plaintiff:  (i) for Zioncorp to obtain a loan in the amount of $420,000.00 and use the proceeds of such loan to purchase a car

1

**JUDGMENT AFTER DEFAULT**

1 | wash business known as "Luxury Auto Spa" from Panoussi Investments, Inc., doing business as
2 | Luxury Auto Spa ("<u>Loan One</u> or "<u>Luxury Auto Spa Loan</u>" and "<u>Panoussi Investments</u>"
3 | respectively); (ii) for Zioncorp to obtain a loan in the amount of $210,000.00 and use the
4 | proceeds of such loan to purchase an oil change and tune up business known as "Luxury Lube &
5 | Tune" from Panoussi Exchange, Inc., doing business as Luxury Lube & Tune ("<u>Loan Two</u>" or
6 | "<u>Luxury Lube & Tune Loan</u>" and "<u>Panoussi Exchange</u>," respectively); and (iii) for Lee to obtain
7 | a loan in the amount of $150,000.00 and use the proceeds of such loan to purchase a cellular
8 | phone business known as "Luxury Cellular" from Howfarr Panoussi ("<u>Loan Three</u>" or "<u>Luxury
9 | Cellular Loan</u>"). (The Luxury Auto Spa Loan, the Luxury Lube & Tune Loan, and the Luxury
10 | Cellular Loan, may be referred to collectively herein as the "<u>Subject Loans</u>," and the three
11 | aforementioned businesses may be referred to collectively as the "<u>Luxury Businesses</u>").
12 | Specifically, the Court finds that Defendant represented, warranted and promised to Plaintiff,
13 | both individually and as president and secretary of Zioncorp, that:
14 |     A.    The total purchase price for the Luxury Auto Spa business is $700,000;
15 |     B.    The total purchase price for the Luxury Lube & Tune business is $350,000;
16 |     C.    The total purchase price for the Luxury Cellular business is $250,000;
17 |     D.    The total aggregate purchase price for the Luxury Businesses is $1,300,000;
18 |     and
19 |     E.    Defendant and Zioncorp shall not encumber the assets of the Luxury
20 |         Businesses with any liens other than the first priority security interest of
21 |         Plaintiff;
22 | and that such representations, warranties and promises constituted material and fraudulent
23 | misrepresentations to Plaintiff (such misrepresentations collectively, the "Fraudulent
24 | Representations").
25 |     The Court further finds that when Defendant made the Fraudulent
26 | Representations, Defendant had no reasonable ground for believing them to be true and knew
27 | such representations to be false, and that Defendant made the Fraudulent Representations with
28 |

2

**JUDGMENT AFTER DEFAULT**

1 the intent to deceive Plaintiff in order to induce Plaintiff to make the Subject Loans, and
2 Defendant knew the true facts to be that:

    A.    The total purchase price for the Luxury Auto Spa business was not $700,000;

    B.    The total purchase price for the Luxury Lube & Tune business was not $350,000;

    C.    The total purchase price for the Luxury Cellular business was not $250,000;

    D.    The total aggregate purchase price for the three Luxury Businesses was not $1,300,000;

    E.    The aggregate purchase price for the Luxury Businesses was $2,000,000, and Zioncorp, as authorized by Lee as its president and secretary, and Lee had made a seller-carry promissory note in the sum of $700,000 in favor of the sellers of the Luxury Businesses (the "Sellers;" such seller-carry loan, the "Panoussi Loan"), obligating Zioncorp and Lee to make substantial monthly payments to the Sellers; and

    F.    Defendant intended and so promised Sellers to pledge the assets of the Luxury Businesses as security for the Panoussi Loan, and the Sellers subsequently filed UCC-1 Financing Statements with the Secretary of State of California on or about July 11, 2008, encumbering the assets of the Luxury Businesses.

The Court also finds that at the time Defendant made the Fraudulent Representations, Plaintiff was ignorant of their falsity and believed them to be true. The Court further finds that in reasonable and justifiable reliance on the Fraudulent Representations, and before Plaintiff received notification that the Fraudulent Representations were false, Plaintiff was induced to, and did, make the Subject Loans to Zioncorp and to Defendant pursuant to the terms of written loan agreements and security agreements executed by Defendant, both individually and as president and secretary of Zioncorp, and pursuant to the written guarantees of the Luxury Auto Spa Loan and the Luxury Lube & Tune Loan executed by Defendant.

**JUDGMENT AFTER DEFAULT**

1  The Court also finds that the Fraudulent Representations were material in that had

2  Plaintiff known the actual facts, it would have refused to make the Subject Loans.  The Court

3  further finds that consequently, Zioncorp, at the request of Defendant, its president and secretary,

4  and Defendant received the proceeds of the Subject Loans, that Defendant converted the

5  proceeds of the Subject Loans to the irreparable harm of Plaintiff, and that Defendant's

6  misrepresentations and actions caused Plaintiff to incur losses in the approximate amount of

7  $807,585.34, plus attorneys' fees and costs.

8  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

9  as a direct and proximate result of the Fraudulent Representations and conversion by Defendant,

10 that Plaintiff has been damaged as follows:

11 1.  with respect to Loan One, the Luxury Auto Spa Loan, in the sum of

12 $447,675.98, consisting of a principal sum of $402,034.17, accrued unpaid interest in the sum of

13 $43,493.60, accrued late charges in the sum of $2,148.21, together with interest accruing at the

14 daily rate of $50.25 and applicable late charges, plus attorneys' fees and costs;

15 2.  with respect to Loan Two, the Luxury Lube & Tune Loan, in

16 the sum of $212,112.44, consisting of a principal sum of $188,345.11, accrued unpaid interest in

17 the sum of $21,477.79, late charges in the sum of $2,289.54, together with accruing interest at

18 the daily rate of $23.54 and applicable late charges, plus attorneys' fees and costs.

19 3.  with respect to Loan Three, the Luxury Cellular Loan, in the sum of

20 $147,796.62, consisting of a principal sum of $132,304.67, accrued unpaid interest in the sum of

21 $14,310.99, late charges in the sum of $1,181.26, together with accruing interest at the at the

22 daily rate of $16.54 and applicable late charges, plus attorneys' fees and costs.

23 4.  with the aforementioned sums aggregating to $807,585.04, plus attorneys'

24 fees in the amount of $19,751.70, for a total sum of $827,336.74, and that judgment for that

25 amount should be rendered in favor of Plaintiff against Defendant.

26 IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the

27 debt in the amount of $827,336.74 is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

28

|   |   |
|---|---|
| 1 | IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the |
| 2 | debt in the amount of $827,336.74 is nondischargeable under 11 U.S.C. § 523(a)(4), as a result |
| 3 | of Defendant's embezzlement and larceny.  Defendant's actions constituted embezzlement |
| 4 | within the meaning of 523(a)(4) in that: (i) Defendant borrowed the sum of $807,585.04 from |
| 5 | Plaintiff, and Defendant was the non-owner of and in possession of such borrowed funds; |
| 6 | (ii) Defendant was obligated to use, maintain and preserve the proceeds of the Subject Loans, the |
| 7 | security for the Subject Loans and the proceeds thereof, in trust for Plaintiff, pursuant to the |
| 8 | terms of the written loan agreements, security agreements and guarantees that Defendant, both |
| 9 | individually and as president and secretary of Zioncorp executed in favor of Plaintiff, and that |
| 10 | Defendant misappropriated and converted the proceeds of the Subject Loans to his own uses; and |
| 11 | (iii) Defendant obtained the Subject Loans through fraud. |
| 12 | Defendant's actions constituted larceny within the meaning of 523(a)(4) in that: |
| 13 | Defendant wrongfully obtained the Subject Loans by virtue of the Fraudulent Representations |
| 14 | resulting in a loss to Plaintiff in an amount of not less than $807,585.04, plus attorneys fees. |
| 15 | IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the |
| 16 | debt in the amount of $827,336.74 is nondischargeable under 11 U.S.C. § 523(a)(6), in that |
| 17 | Defendant's making the Fraudulent Representations to Plaintiff in order to obtain the Subject |
| 18 | Loans constituted a willful and malicious act, and that the evidence of Defendant's fraud is clear |
| 19 | and convincing, and further that Defendant's fraud caused Plaintiff to lose in excess of |
| 20 | $807,585.04, plus attorneys fees.  Plaintiff is awarded punitive damages in the amount of |
| 21 | $400,000.00, which is commensurate with the compensatory damages of $807,585.04 and of an |
| 22 | amount sufficient to deter Defendant from engaging in such fraudulent conduct in the future. |
| 23 | IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that |
| 24 | Plaintiff is entitled to punitive damages, and that such damages also are nondischargeable.  The |
| 25 | Court finds that Defendant's knowingly making the Fraudulent Representations in order to |
| 26 | induce Plaintiff to make the Subject Loans constitutes morally culpable conduct which is in |
| 27 | conscious disregard for the rights of Plaintiff. |
| 28 |   |

The Clerk is ordered to enter the Judgment.

###

DATED: July 26, 2010

_____
United States Bankruptcy Judge

6
**JUDGMENT AFTER DEFAULT**

| | |
|---|---|
| In re: Seung Suk Lee fdba Luxury Auto Spa, Luxury Auto Lube & Tune, Luxury Cellular & Olympic Flower & Jeannie J. Lee// <br> ADVERSARY: Hanmi Bank v. Seung Suk Lee, an individual <br> Debtor(s). | CHAPTER 7 <br><br> CASE NUMBER 1:09-ap-01494-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

The Song Law Group, APLC
800 W. 6th St., Suite 1410
Los Angeles, CA 90017

A true and correct copy of the foregoing document described _____ [proposed] Judgment After Default _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 26, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On July 19, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Seung Suk Lee
40749 W. Palmwood Court
Palmdale, CA 93551

☒ Service information continued on attached pag

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/19/10 | Michael L. Tusken | /s/ M. Tusken |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

| | |
|---|---|
| In re: Seung Suk Lee fdba Luxury Auto Spa, Luxury Auto Lube & Tune, Luxury Cellular & Olympic Flower & Jeannie J. Lee// <br> ADVERSARY: Hanmi Bank v. Seung Suk Lee, an individual <br> Debtor(s). | CHAPTER 7 <br><br> CASE NUMBER 1:09-ap-01494-GM |

**ADDITIONAL SERVICE INFORMATION(if needed):**

Jeannie J Lee
40749 W. Palmwood Ct.
Palmdale, CA 93551
Joint Debtor-by U.S. Mail

Courtesy Copy to:

Young K. Chang, Esq.
Attorney at Law
3435 Wilshire Blvd., #2400
Los Angeles, CA 90010
Via U.S. Mail

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re: Seung Suk Lee fdba Luxury Auto Spa, Luxury Auto Lube & Tune, Luxury Cellular & Olympic Flower & Jeannie J. Lee// ADVERSARY: Hanmi Bank v. Seung Suk Lee, an individual  Debtor(s). | CASE NUMBER: CHAPTER 7<br><br>CASE NUMBER 1:09-ap-01494-GM |
|---|---|

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) Judgment After Default was entered on the date indicated as  Entered  on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of    05/26/10    , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

United States Trustee (SV): ustpregion16.wh.ecf@ecf@usdoj.gov
Diane Weil: dcw@dcweillaw.com , dweil@ecf.epiqsystems.com
Joon Song: jsong@thesonglawgroup.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Seung Suk Lee
40749 W.Palmwood Court
Palmdale, CA 93551
*Debtor/Defendant*

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an  Entered  stamp, the party lodging the judgment or order will serve a complete copy bearing an  Entered  stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9021-1.1**

| In re: Seung Suk Lee fdba Luxury Auto Spa, Luxury Auto Lube & Tune, Luxury Cellular & Olympic Flower & Jeannie J. Lee// ADVERSARY: Hanmi Bank v. Seung Suk Lee, an individual  Debtor(s). | CASE NUMBER: CHAPTER 7  CASE NUMBER 1:09-ap-01494-GM |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

Jeannie J Lee
40749 W. Palmwood Ct.
Palmdale, CA 93551
*Joint Debtor*


Young K. Chang, Esq.
Attorney at Law
3435 Wilshire Blvd.,#2400
Los Angeles, CA 90010

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                             **F 9021-1.1**